■ ALLEN W. HUBBELL, Respondent, v HUBBELL HIGHWAY SIGNS, INC., et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: Defendant corporations appeal from a judgment after trial declaring covenants not to compete contained in employment contracts with plaintiff to be unenforceable and enjoining defendants' enforcement thereof. No issue was raised below or on appeal concerning the propriety of declaratory relief. Plaintiff entered into separate written employment contracts for stated salaries on August 21 and August 22, 1968 with each of the corporate defendants. Each contract provided: "Said employment shall begin this date (i.e., the date of the signing of the contract) and subject to the termination provisions herein, shall be for a term ending five (5) years after the date hereof." The contracts contained no provisions pertaining to extensions or renewals. In addition, each contract contained in paragraph 6 the following clause: "Hubbell [plaintiff] covenants and agrees * * * that during the term of this Agreement and for the three year period following the termination of Hubbell's employment under this Agreement, he will not at any time, directly or indirectly, for himself or for or in conjunction with (whether through being a controlling person or otherwise), or as agent for or employee of, any person, partnership, association, corporation or entity compete with the Corporation in its product lines and within its marketing area as constituted at the time of such termination. The Corporation agrees to pay to Hubbell an annual sum of $5,000 for three years in consideration of the undertakings contained in this paragraph 6, such payment to commence at the time of such termination." Plaintiff continued to work in the employ of defendants until May 1, 1978 when his services were terminated. It is undisputed that the employment agreements were never extended or renewed in any written note or memorandum such as would satisfy the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1). Defen-

dants raise no question concerning Trial Term's finding that there was no evidence of any purported verbal extension of the contracts. In fact, the record contains unrefuted evidence that the parties intentionally elected to continue the employer-employee relationship after the five-year initial term without any extension of the contracts. Accordingly, the written agreements governing plaintiff's obligation to work for defendants expired by their own terms on August 21 and August 22, 1973, and the mutual covenants contained therein under which plaintiff agreed not to compete for three years and defendants each agreed to pay him $5,000 per year for the three-year period had no force or effect after August 21 and August 22, 1976. There is no merit to defendants' contention that the written contracts were impliedly extended by the conduct of the parties in continuing the employer-employee relationship until May 1, 1978. By retaining plaintiff on the payrolls after August 21 and August 22, 1973 without contracts, defendants became obligated to pay him the stipulated salaries for so long as he continued to work and arguably, at plaintiff's election, for successive one-year periods at the same salaries for each year plaintiff was retained on the payrolls beyond the anniversary dates of the contracts' expiration (see *Carter v Bradlee*, 245 App Div 49, 50, affd 269 NY 664). The fact that plaintiff was retained on the payrolls, however, in the absence of written extensions or other agreements, cannot have impliedly resulted in imposing on the parties the binding mutual obligations to render performance over a three-year period in the future as expressed in the bilateral promises contained in the sixth paragraph of each expired contract (see General Obligations Law, § 5-701, subd a, par 1). (Appeal from judgment of Oneida Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.