OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs to abide the event, and the case remitted to Supreme Court for a new trial..
We cannot conclude that the evidence in this case was sufficient, as a matter of law, to establish that the security-guard had probable cause to arrest appellant. According to appellant’s story, which might have been credited by the jury, after he had placed the box.containing the tie rack in his shopping bag without paying for it and headed for a door to the street, he was holding an inner vestibule door open, facing inward when accosted by the security guard. He immediately admitted that he had not paid for the tie rack, stated that he was about to pay for it, and proceeded directly to the cash-wrap counter where, after he had tendered a $20 bill, he was arrested. In these circumstances the *926 jury could have found that the security officer did not have “reasonable grounds to believe that [appellant] was committing or attempting to commit larceny on such premises” (General Business Law, § 218). Nor was the evidence insufficient as a matter of law to support the jury’s verdict on the assault and battery cause of action. It was therefore error for the Appellate Division to have dismissed the complaint.
Inasmuch as the Appellate Division reversed, on the law and facts, the case must be remitted to Supreme Court, Monroe County, for a new trial on all four causes of action.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.