■ ELISHA NAJJAR et al., Respondents, v NATIONAL KINNEY CORP., Appellant. — In an action to recover damages for breach of contract, defendant appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated January 21, 1983, which denied its motion for summary judgment dismissing the complaint. Order reversed, on the law, with costs, motion granted and complaint dismissed. The oral agreement, whereby plaintiff Elisha Najjar was to purchase his copartners' interest in real property, and, holding title to such property as trustee, thereafter to assign his interest to an alleged joint venture comprised of himself and defendant, is squarely within the Statute of Frauds and thus is unenforceable (see *Backus Plywood Corp. v Commercial Decal,* 317 F2d 339; *Pounds v Egbert,* 117 App Div 756; General Obligations Law, § 5-703; cf. *Mattikow v Sudarsky,* 248 NY 404). This rule may not be evaded by claiming that even though the agreement for the transfer of the property itself is unenforceable, the agreement to enter this business arrangement is valid (see *Belmar Contr. Co. v State of New York,* 233 NY 189, 194). Accordingly, Special Term erred in denying defendant's motion for summary judgment. Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.

■ NASSAU COUNTY MEDICAL CENTER, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the New York State Human Rights Appeal Board dated June 2,. 1982, which affirmed an order of the Commissioner of the State Division of Human Rights dated March 6, 1981, which, *inter alia,* found the petitioner guilty of discrimination on the basis of sex. Determination confirmed and proceeding dismissed, without costs or disbursements. (See *County of Nassau v New York State Div. of Human Rights,* 96 AD2d 818.) Damiani, J. P., Thompson, Bracken and Rubin, JJ., concur.

■ EUGENIA PALMER, Appellant, v COUNTY OF SUFFOLK et al., Defendants, and THOMAS LOACH, Respondent. — In an action, *inter alia,* to recover compensatory and punitive damages based upon an allegedly unauthorized autopsy performed upon plaintiff's deceased brother, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated October 28, 1980, as granted defendant Thomas Loach's motion to strike from the complaint the claim for punitive damages as against him. Order reversed insofar as appealed from, without costs or disbursements, defendant Loach's motion to strike from the complaint the claim for punitive damages as against him is denied and said claim is reinstated. Upon the basis of the record before us, whether, and to what extent, plaintiff may be entitled to punitive damages as against defendant Loach is a factual issue to be determined at trial. Accordingly, Special Term erred in dismissing that portion of the complaint seeking punitive damages against said defendant. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.