■ NANCY D. BACKUS, Respondent, v PLANNED PARENTHOOD OF THE FINGER LAKES, INC., et al., Appellants.—Order unanimously reversed on the law and facts without costs, motion granted and complaint dismissed. Memorandum: Plaintiff was discharged from her position as education director for defendant Planned Parenthood of the Finger Lakes, Inc. (PPFL) for alleged insubordination and unsatisfactory work performance. She commenced this action for breach of employment contract, intentional infliction of emotional distress and/or for prima facie tort, and for tortious interference with the alleged employment contract. Defendants moved to dismiss plaintiff's complaint. Defendants' motion was denied in its entirety. We reverse.

Special Term erred in failing to grant defendants' motion to dismiss plaintiff's cause of action for intentional infliction of

emotional distress and/or prima facie tort. The tort of intentional infliction of emotional distress predicates liability on extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society *(see, Freihofer v Hearst Corp.,* 65 NY2d 135, 143). The facts alleged by plaintiff in her complaint and affidavit submitted in opposition to defendants' motion fall far short of this strict standard.

Prima facie tort affords a remedy for the intentional infliction of harm, resulting in special damages, without excuse or justification, by an act or series of acts which would otherwise be lawful *(ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458; *Wehringer v Helmsley-Spear, Inc.,* 91 AD2d 585, 586, *affd* 59 NY2d 688; *Wegman v Dairylea Coop.,* 50 AD2d 108, 114, *lv dismissed* 38 NY2d 918). There can be no recovery unless a " 'disinterested malevolence' " to injure plaintiff constitutes the sole motivation for defendants' otherwise lawful act *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333, quoting *American Bank & Trust Co. v Federal Bank,* 256 US 350, 358). Here, there is no allegation or proof that defendants' sole motivation for discharging plaintiff was "disinterested malevolence".

Special Term also erred in failing to grant defendant Sandra E. Handwerk's motion to dismiss plaintiff's cause of action for interference with a contractual relationship. No liability exists where, as here, there is no evidence of malice, nor evidence that defendant Handwerk was motivated by personal gain or a desire to hurt plaintiff as an end in itself (52 NY Jur 2d, Employment Relations, § 281).

Special Term further erred by denying defendants' motion to dismiss plaintiff's cause of action for breach of an employment contract. It is well settled that, absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party *(Ingle v Glamore Motor Sales,* 73 NY2d 183; *Sabetay v Sterling Drug,* 69 NY2d 329, 333). Here, it is undisputed that plaintiff was not hired pursuant to a written contract. Upon our review of the record, we find no evidence of any express limitation upon the employer's right to discharge *(cf., Weiner v McGraw-Hill, Inc.,* 57 NY2d 458), nor does the employment handbook, provided by PPFL, contain language which can be interpreted as requiring just cause for termination *(cf., Mann v Insurance Co.,* 138 AD2d 966; *Collins v Hoselton Datsun,* 120 AD2d 952). (Appeal from order of Supreme Court, Ontario County, Wesley, J.—dismiss com-

plaint.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.