■ BERNARD THUR, Appellant-Respondent, v IPCO CORPORATION, Formerly Known as IPCO HOSPITAL SUPPLY CORP., et al., Respondents-Appellants.—Order and judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered July 19, 1990 which granted summary judgment in favor of defen-

dant Medserv Corporation dismissing the first cause of action of the complaint, and granted summary judgment in favor of plaintiff on his second cause of action, unanimously modified on the law so as to deny summary judgment to plaintiff on the second cause of action, and otherwise affirmed, without costs.

Plaintiff sold his business to defendant's predecessor in March 1977. As part of the transaction, he entered into an employment agreement. The employment agreement and the purchase agreement contained restrictive covenants barring plaintiff from similar employment "[f]or a period of three (3) years immediately following the termination of his employment by the Company, however caused". Plaintiff resigned in September 1981, but was rehired in April 1982 and worked until October 1986. In November 1986, he entered into an employment contract with a competitor. Letters were sent to the competitor and plaintiff warning them that they were in violation of the restrictive covenant and threatening legal action should plaintiff's employment not be terminated. Plaintiff was forced to resign, and later return to defendant's employ from January 1987 to July 1987. Each time plaintiff returned to defendant's employ, his period of non-employment was treated as a leave of absence, allowing him continuity of benefits.

Plaintiff commenced this action asserting two causes of action, the first for tortious interference with contractual relations, and the second seeking a declaratory judgment that the restrictive covenant was null and void and unenforceable.

The claim for tortious interference was properly dismissed, on defendant's motion for summary judgment, as plaintiff's contract with the competitor was terminable at will. Plaintiff was thus required to set forth probative evidence of malice, or the use of wrongful means by the defendants *(Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191; *Alexander & Alexander v Fritzen,* 147 AD2d 241, 250). The sending of the letter and the threat of legal action was not duress *(Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249, 254). "[I]t is not an actionable wrong for one in good faith to make plain to whomsoever he will that it is his purpose to insist upon what he believes to be his legal rights, even though he may misconceive what those rights are" *(Kaplan v Helenhart Novelty Corp.,* 182 F2d 311, 314).

The enforcibility of a restrictive covenant in a written employment agreement under the statute of frauds following oral or implicit extensions of employment after the stated term of the agreement depends on the intent of the parties as

evidenced largely by the language of the written agreement. *(Compare, Borne Chem. Co. v Dictrow,* 85 AD2d 646, *with Hubbell v Hubbell Highway Signs,* 72 AD2d 923.)* The IAS court held that the restrictive covenant began to run when plaintiff first left defendant's employ, and had now expired. However, the court did not consider the identical restrictive covenant language in the purchase agreement, which had no specific duration, and thus the period of employment could be considered indefinite. This construction is supported by the actions of the parties as evidence of their intent that the period of employment continued to run *(see, Webster's Red Seal Publs. v Gilberton World-Wide Publs.,* 67 AD2d 339, 341, *affd* 53 NY2d 643). Plaintiff's actions in requesting permission to seek employment with the competitor and his admission at deposition that he believed himself bound by the restrictive covenant are evidence of at least the existence of triable issues of fact that the parties intended the restrictive covenant to commence only upon plaintiff's final termination of employment. Further, the fact that plaintiff accepted defendant's offer to treat his periods of non-employment as a leave of absence and his acceptance of the employment benefits commensurate with such treatment estopped him from asserting the statute of frauds *(Pau v Bellavia,* 145 AD2d 609, 610). Thus, the court improperly granted plaintiff's motion for summary judgment with respect to the second cause of action. Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.