■ HARLAN KOSSON, Appellant, v JOSHUA "ALGAZE" et al., Respondents. [610 NYS2d 227] —Order, Supreme Court, New York County (Stuart C. Cohen, J.), entered February 18, 1993, which denied plaintiff's motion pursuant to CPLR 6301 and 6311 for a preliminary injunction and which granted defendants' cross motion for summary judgment pursuant to CPLR 3212 dismissing the plaintiff's complaint, affirmed, without costs.

The IAS Court properly determined that the plaintiff had failed to allege facts sufficient to withstand a motion for summary judgment with respect to his causes of action for injunctive relief prohibiting the termination of his employment by defendant St. Luke's/Roosevelt Hospital and seeking damages for breach of contract, intentional interference with contractual relations and defamation *(Zuckerman v City of New York,* 49 NY2d 557, 562).

The causes of action for breach of contract and intentional interference with contractual relations were properly dismissed since the plaintiff failed to submit any proof that he was employed by defendant St. Luke's/Roosevelt Hospital for a fixed duration pursuant to a written contract of employment. The plaintiff was an at-will employee whose employment was terminable at any time *(Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304).

Plaintiff's mere assertion of the existence of a written employment agreement with the hospital, which had allegedly been "lost", was not sufficient to meet plaintiff's burden of coming forward with evidence sufficiently credible to defeat the summary judgment motion as "[i]t is black letter law that

the burden of proving the existence, terms and validity of a contract rests on the party seeking to enforce it" *(Paz v Singer Co.,* 151 AD2d 234, 235).

In his complaint dated March 20, 1992 plaintiff did not mention any written "contract". On March 29, 1992 he supplemented his earlier submission claiming to be a "permanent employee" by pointing to a personal registration form, internal letters and memoranda stating he had joined the hospital staff, and he noted that the writing that confirms the part of the contract with the hospital was the December 31, 1991 "Employee Profile" which confirmed the annual salary as $75,000. These documents, however, are human resource forms used in hiring all St. Luke's employees. By plaintiff's failure to mention in his first two sworn pleadings that he had executed a written contract just months before, he in effect conceded that no agreement existed. It would therefore appear that his reference to a written contract was contrived.

The cause of action for tortious interference was also properly dismissed as there can be no liability for intentional interference with contract unless there is a breach of an existing contract *(Israel v Wood Dolson Co.,* 1 NY2d 116, 120), and moreover, the tort of interference with an employment contract cannot lie against the hospital, a party to the alleged employment contract *(Koret, Inc. v Christian Dior, S.A.,* 161 AD2d 156, 157, *lv denied* 76 NY2d 714), or the individual defendants, as agents of the hospital, absent a showing that they acted outside the scope of their authority *(Kartiganer Assocs. v Town of New Windsor,* 108 AD2d 898, 899, *appeal dismissed* 65 NY2d 925), a showing not made here. Plaintiff's cause of action for slander per se was also properly dismissed since the plaintiff failed to set forth the specific defamatory statements attributed to the defendants, as required by law *(Gardner v Alexander Rent-A-Car,* 28 AD2d 667), and since that cause of action was merely an improper attempt by the plaintiff to evade the traditional at will rule by casting the cause of action in terms of an intentional tort *(Murphy v American Home Prods. Corp., supra,* at 303).

Accordingly, the IAS Court properly found that the plaintiff failed to establish his entitlement to injunctive relief preliminarily enjoining the termination of his employment by showing a likelihood of success on the merits, irreparable injury absent the relief sought and a balancing of the equities in the movant's favor *(Grant Co. v Srogi,* 52 NY2d 496, 517).

We decline to consider plaintiff's claims, raised for the first time on the present appeal *(see, Brown v Weinreb,* 183 AD2d

562, 563), that defendants fraudulently induced him into employment at the hospital, violated the holding in *Wieder v Skala* (80 NY2d 628) and New York State Labor Law § 740. Were we to consider these alternative theories of liability, we would nonetheless affirm.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Carro, J. P., Wallach and Nardelli, JJ.

Ellerin and Kupferman, JJ., dissent in part in a memorandum by Kupferman, J., as follows: I would deny that part of the cross-motion for summary judgment dismissing the cause of action in the verified complaint for breach of contract.

The plaintiff contends that there was a written contract of employment for him as an attending psychiatrist at the defendant-hospital. He sets forth impressive references. He contends that he does not have a copy of the alleged written contract. If there is such a written contract, then the determination based on his being an employee-at-will has no basis.

The plaintiff should be allowed to proceed as to that cause of action and to depose the defendants in order to try to substantiate his claim.