OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In order to defeat defendants’ motion for summary judgment, plaintiff had the burden of showing " ' "facts sufficient to require a trial of any issue of fact” ’ ”
 
 (Zuckerman v City of New York,
 
 49 NY2d 557, 562; CPLR 3212 [b]). As applied here, plaintiff had to submit evidentiary facts that he was employed by defendant St. Luke’s/Roosevelt Hospital Center for a fixed duration pursuant to a definite written contract of employment. In his complaint, plaintiff did not allege the existence of a written contract of employment and in a supplemental affidavit he submitted before any responsive pleading, plaintiff only referred to certain noncontractual documents as "confirming] part of the contract” between him and the hospital. The documents referred to were clearly insufficient to satisfy the Statute of Frauds. Only after defendants interposed defenses based in part upon the Statute of Frauds did plaintiff aver the existence of a written contract, his copy of which allegedly
 
 *1021
 
 had been lost. This averment was made in conclusory fashion and was inconsistent with plaintiffs previous reliance on confirmatory noncontractual documents to establish his agreement. Thus, the Appellate Division correctly found that plaintiff had failed to meet the burden of making a sufficient factual showing.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur; Chief Judge Kaye taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.