■ B. Boman & Co., Inc., Doing Business as Bolton's, Respondent-Appellant, v Professional Data Management, Inc., Doing Business as 685 Third Avenue Co., Appellant-Respondent. [631 NYS2d 19] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered January 6, 1995, which, in an action seeking, *inter alia*, a declaration that defendant landlord had no right to terminate plaintiff subtenant's tenancy, *inter alia*, declared in plaintiff's favor that the conditional limitation clause of the overlease is not incorporated in the sublease and may not be exercised by defendant to terminate the sublease, unanimously modified, on the law, to declare in defendant's favor that the conditional limitation clause in the overlease is incorporated in the sublease and may be exercised by defendant to terminate the sublease, and otherwise affirmed, without costs.

We disagree with the motion court's interpretation of the governing documents and find in accordance with general principles of contract interpretation (*see, Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 217) that the conditional limitation in the paramount lease was incorporated in the sublease. Accordingly, we conclude that the breach of the covenant to pay rent was a proper basis for a holdover proceeding against plaintiff, a commercial subtenant (*see, Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating*, 205 AD2d 421, 423-424; *Grand Liberte Coop. v Bilhaud*, 126 Misc 2d 961, 963-964).

*Cantor v Techlease, Inc.* (59 AD2d 699), upon which plaintiff relies, in which the Second Department held that a general provision in the sublease, purporting to generally incorporate by reference the terms of the paramount lease, did not incorporate a jury waiver clause set forth in the paramount lease, is distinguishable. In addition to making references to the paramount lease applicable to the sublease, the instant sublease contains a separate paragraph specifically incorporating the default provision of the paramount lease.

Although the motion court treated plaintiff's *Yellowstone* application as a motion for summary judgment, we note that the application was made after expiration of the cure period and after mailing of the termination notice, and was therefore untimely (*First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630, 637; *Dove Hunters Pub v Posner*, 211 AD2d 494). As

this Court has recently stated, and contrary to plaintiff's, assertion before the motion court, under these circumstances a preliminary injunction would also have been unavailable (*see, Manhattan Parking Sys.-Serv. Corp. v Murray House Owners Corp.*, 211 AD2d 534, 535).

We also find that the mailing of a post-dated rent check after expiration of the cure period was not a proper tender, and that even if the proceeding were considered one for nonpayment, this purported tender would have been late since the date on the check was after the deadline set in the three-day rent demand. There was therefore a breach of the covenant to pay rent, and the motion court improperly determined otherwise in granting plaintiff summary judgment with respect to its request for a declaration to the contrary.

The claim for tortious interference was properly dismissed, although not necessarily for the reason stated (*see, Nickerson v Volt Delta Resources,* 211 AD2d 512). The motion court reasoned that there was privity of estate between defendant and plaintiff because, upon the voluntary surrender of the paramount lease by the sublessor, plaintiff subtenant became the tenant of defendant prime lessor (*see, Unionport Shoes v Parkchester S. Condominium,* 205 AD2d 385, 387; *Precision Dynamics Corp. v Retailers Representatives,* 120 Misc 2d 180, 181-182), and that a claim for tortious interference therefore did not lie since a party to a contract may not be held liable for interfering with it (*see, Kosson v "Algaze",* 203 AD2d 112, 113, *affd* 84 NY2d 1019).

However, while it is unclear whether the focus of plaintiff's claim is that defendant interfered with an alleged agreement by the sublessor to reduce plaintiff's rent as sublessee, or that defendant interfered with a provision in the sublease purportedly barring the sublessor's surrender, under either view there is some merit to plaintiff's argument that any such privity had not yet arisen at the time of the allegedly wrongful conduct. Even so, the claim is fatally undermined by the fact that the sublessor had been unable to collect the rent owed by plaintiff, a large portion of which represented defendant's interest in the difference between the sublessor's rent under the paramount lease and plaintiff's substantially higher rent under the sublease, demonstrating that defendant's actions were motivated by a bona fide economic consideration (*see, Williamson, Picket, Gross v 400 Park Ave. Co.,* 47 NY2d 769, *affg* 63 AD2d 880).

We have considered the parties' other contentions for affirmative relief and find them meritless. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.