Judith L. COHEN, Plaintiff,

v.

Kenneth L. DAVIS, M.D., Neal L. Cohen, J.D., and the Mount Sinai Medical Center, Inc., Defendants.

No. 95 Civ. 10045 (JGK).

United States District Court, S.D. New York.

May 13, 1996.

Stephen E. Tisman, Shiff & Tisman, New York City, for plaintiff.

Bettina B. Plevan, Proskauer Rose Goetz & Mendelsohn L.L.P., New York City, for defendants.

## OPINION AND ORDER

KOELTL, District Judge:

The plaintiff, the former administrator of the Department of Psychiatry of Mount Sinai Medical Center ("Mount Sinai"), has sued Mount Sinai and two doctors who were employed by Mount Sinai at the time of her termination. The plaintiff initially asserted against Mount Sinai and the doctors intentional tort claims arising out of incidents on the day of her termination. Specifically, she asserted claims against all three defendants for false imprisonment (First Claim), battery (Second Claim), assault and battery (Third Claim), and intentional infliction of emotional distress (Fourth Claim). She also asserted a claim against the doctors for intentional interference with contractual relations (Fifth Claim). Finally, she asserted a claim against Mount Sinai under the False Claims Act, 31 U.S.C. § 3730(h) (Sixth Claim). The defendants moved to dismiss all claims in the complaint except the False Claims Act claim pursuant to Fed.R.Civ.P. 12(b)(6).

In her memorandum in opposition to the defendants' motion, the plaintiff agreed to withdraw the Fourth Claim for intentional infliction of emotional distress. The plaintiff also submitted a detailed affidavit providing additional allegations to support her intentional tort claims. In their reply papers the defendants agreed to drop their motion to dismiss the plaintiff's claim for unlawful imprisonment provided that the plaintiff files an amended complaint that includes the details alleged in her affidavit. The Court grants the plaintiff leave to file an amended complaint that includes the allegations contained in her affidavit. Accordingly, the defendants now move to dismiss only the plaintiff's claims for assault, assault and battery, and tortious interference with contractual rela-

tions. In addition, the defendants move to strike the plaintiff's claim for punitive damages. Because the defendants have addressed in the course of this motion the sufficiency of the plaintiff's allegations contained both in her original complaint and in her affidavit, the Court will determine the adequacy of the pleadings as if the plaintiff had already submitted an amended complaint.

A court should dismiss a complaint under Fed.R.Civ.P. 12(b)(6) only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

## I.

With respect to the plaintiff's claims for assault and assault and battery as amplified by her affidavit, the plaintiff alleges that Dr. Cohen came into her office to announce that she was fired, and that when she tried to leave the room, Dr. Cohen grabbed her arm to restrain her from leaving. (Complaint ¶ 18.) The plaintiff alleges that this contact was intentional and "unauthorized, unwanted and offensive," and constitutes battery. (Complaint ¶ 33.) The plaintiff also claims that when she left her office, she was pursued by a Mount Sinai security guard who physically blocked her as she sought to leave the Hospital's premises, grabbed her hand, and took her keys. (Complaint ¶ 39.) The plaintiff alleges that this bodily contact was also intentional and "unauthorized, unwanted and offensive." (Complaint ¶ 40.) In addition, the plaintiff alleges that she feared for her bodily safety because "[t]he security guard was much taller and bigger than I am, and pursued me obviously trying to catch and grab me, which he in fact did." (Judith Cohen Aff. at ¶ 13 (Dec. 29, 1996).) The plaintiff alleges that the guard's conduct constitutes assault and battery. The defendants argue that the plaintiff's allegations do not state a claim for battery or for assault and battery.

A "battery" is an intentional wrongful physical contact with another person without that person's consent. *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir.1993); *Villanueva v. Comparetto*, 180 A.D.2d 627, 629, 580 N.Y.S.2d 30, 33 (2d Dep't 1992); *Williams v. Port Auth. of N.Y. and N.J.*, 880 F.Supp. 980, 994 (E.D.N.Y.1995); *see also* 6 N.Y.Jur.2d: Assault—Civil Aspects § 1 at 194 (1980). An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. *United Nat'l Ins.*, 994 F.2d at 108; *Mortise v. United States*, 910 F.Supp. 74, 76 (N.D.N.Y.1995); *Williams*, 880 F.Supp. at 994; *Emanuel v. Barry*, No. CV–83–810, 1990 WL 172681, at *2 (E.D.N.Y. Oct. 25, 1990); *see* 6 N.Y.Jur.2d: Assault—Civil Aspects § 1, at 194 (1980); Restatement (Second) of Torts § 21. Assault and battery occurs when a person is placed in imminent apprehension of harmful or offensive bodily contact and there is an actual use of force. *See* 6 N.Y.Jur.2d: Assault—Civil Aspects § 1 at 194.

The defendants first argue that plaintiff's claim for battery against Dr. Cohen must fail as a matter of law because Dr. Cohen's alleged conduct is not objectively offensive.

The alleged contact "must be one which would offend the ordinary person . . . not unduly sensitive as to his personal dignity. It must, therefore, be a contact which is unwarranted by social usages prevalent at the time and place at which it is inflicted." Restatement (Second) of Torts § 19, cmt. a; 2 N.Y. PJI 20 (Supp.1996). Here, whether the ordinary person would be offended if someone grabbed her arm to prevent her from leaving a room is an issue of fact that cannot be decided on a motion to dismiss. *See Mullen v. Sibley, Lindsay & Curr Co.*, 51 N.Y.2d 924, 926, 415 N.E.2d 971, 971–72, 434 N.Y.S.2d 982, 983 (1980) (reversing Appellate Division and holding the evidence sufficient to support a jury verdict finding security guard liable for assault and battery where guard grabbed plaintiff by the arm as he attempted to leave a store).

The defendants also argue that the plaintiff has not stated a claim for assault and battery against the security guard because the guard's alleged conduct is not objectively offensive and because the plaintiff was not in reasonable apprehension of harmful or offensive bodily contact. As with the plaintiff's claim against Dr. Cohen, whether the ordinary person would find the guard's conduct offensive or would be in apprehension of harmful or offensive contact are issues of fact that cannot be resolved on motion to dismiss. *Id.*

The defendants' motion to dismiss the plaintiff's claims for battery and for assault and battery is denied.

## II.

The defendants also move to dismiss the plaintiff's claim for tortious interference with contract. The plaintiff claims that the individual defendants used improper means to cause Mount Sinai to discharge her from her employment. The plaintiff alleges that the doctors made "false and misleading reports about and criticism of" her in order to prevent her from bringing to the attention of Mount Sinai and federal and state regulatory authorities Dr. Davis's alleged possible financial improprieties. (Complaint ¶¶ 53, 54.) The plaintiff claims that she had a reasonable expectation of continued employment at Mount Sinai. (Complaint ¶ 52.)

Under New York law, the elements of a tortious interference with contract claim are "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." *Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2d Cir.1996) (citing *Israel v. Wood Dolson Co.*, 1 N.Y.2d 116, 120, 134 N.E.2d 97, 99–100, 151 N.Y.S.2d 1, 5 (1956); *Kaminski v. United Parcel Serv.*, 120 A.D.2d 409, 412, 501 N.Y.S.2d 871, 873 (1st Dep't 1986)). The defendants argue that the plaintiff's claim for tortious interference must be dismissed for two reasons: first, an at-will employee like the plaintiff cannot maintain an action for tortious interference with con-

tract, and second, the plaintiff has failed to allege interference by a third party.

■ It is undisputed that the plaintiff was an at-will employee with no written employment contract. The plaintiff makes no argument that she had an implied contract based on any writings that she received. *Compare Weiner v. McGraw-Hill, Inc,* 57 N.Y.2d 458, 465–66, 457 N.Y.S.2d 193, 197, 443 N.E.2d 441, 445–46 (1982). Under New York law, an at-will employee may be dismissed for a good reason, a bad reason, or no reason at all, provided that the dismissal is not for an unlawful reason, such as unlawful discrimination. Accordingly, a plaintiff "cannot be allowed to evade the employment at-will rule and relationship by recasting his cause of action in the garb of a tortious interference with his employment." *Ingle v. Glamore Motor Sales, Inc.,* 73 N.Y.2d 183, 189, 535 N.E.2d 1311, 1313–14, 538 N.Y.S.2d 771, 774 (1989). As the Court of Appeals for the Second Circuit recently recognized in *Finley,* however, an at-will employee has "the right to maintain an action for tortious interference in limited situations." *Finley,* 79 F.3d at 1295; *see also* 2 N.Y. PJI 233 (Supp.1996).[1]

■ In order to state a cause of action for tortious interference with contract, an at-will employee must allege that a third party used wrongful means to effect the termination such as fraud, misrepresentation, or threats, that the means used violated a duty owed by the defendant to the plaintiff, or that the defendant acted with malice. *See Guard–Life Corp. v. S. Parker Hardware Mfg. Corp.,* 50 N.Y.2d 183, 194, 406 N.E.2d 445, 451, 428 N.Y.S.2d 628, 634 (1980) (in cases involving at-will contracts, plaintiff may have tortious interference with contract claim "when the alleged means employed by the one interfering were wrongful as consisting of fraudulent misrepresentations ... or threats ... or as in violation of a duty of fidelity owed to the plaintiff by the defendant by reason of a relation of confidence existing between them"); *Miller v. Richman,* 184 A.D.2d 191, 194, 592 N.Y.S.2d 201, 203 (4th Dep't 1992) (dismissing tortious interference with contract claim because plaintiff failed to allege that the defendant "procured her discharge through fraudulent misrepresentation, threats or the violation of a duty owed to plaintiff by virtue of a confidential relationship"); *Thur v. IPCO Corp.,* 173 A.D.2d 344, 345, 569 N.Y.S.2d 713, 714 (1st Dep't), *appeal dismissed,* 78 N.Y.2d 1007, 580 N.E.2d 1060, 575 N.Y.S.2d 457 (1991) (table) (tortious interference with contract claim by at-will employee requires evidence of malice or the use of wrongful means to effect termination); *Backus v. Planned Parenthood of the Finger Lakes, Inc.,* 161 A.D.2d 1116, 1117, 555 N.Y.S.2d 494, 495–96 (4th Dep't 1990) (when plaintiff was at-will employee, "[n]o liability exists where ... there is no evidence of malice, nor evidence that [the defendant] was motivated by personal gain or a desire to hurt plaintiff as an end in itself"); *Lerman v. Medical Assocs. of Woodhull, P.C.,* 160 A.D.2d 838, 839–40, 554 N.Y.S.2d 272, 273 (2d Dep't 1990) ("To prevail on a claim for tortious interference with contractual or prospective contractual relations, a party must show that the alleged tortfeasor wrongfully interfered with the contract for the sole purpose of harming the plaintiff, or that he committed independent torts or predatory acts towards the third party."); *Mansour v. Abrams,* 120 A.D.2d 933, 934, 502 N.Y.S.2d 877, 878 (4th Dep't 1986) ("Improper interference with contract terminable at will is actionable."); *Agugliaro v. Brooks Bros., Inc.,* 802 F.Supp. 956, 963 (S.D.N.Y.1992) (Duffy, J.) (denying motion to

---

1. The defendants allege that the court in *Finley* overlooked the New York Court of Appeals' decision in *Ingle v. Glamore Motor Sales, Inc.,* 73 N.Y.2d 183, 535 N.E.2d 1311, 538 N.Y.S.2d 771 (1989). Although the dissent in *Ingle* stated that the majority's decision eliminated long-standing New York law that at-will employees may maintain a claim for tortious interference with contract under some circumstances, the majority explicitly stated that there was no indication that the plaintiff was fired to prevent him from asserting any legal rights or that the defendants breached any duties owed to the plaintiff. The court in *Ingle* also did not discuss whether an at-will employee could sue for tortious interference with contract when it is alleged that the defendant acted with malice or committed an independent tortious act to effect the employee's termination. In addition, as *Finley* indicated, lower courts have continued to permit at-will employees to assert tortious interference claims under limited circumstances.

dismiss tortious interference with contract claim under New York law because plaintiff had "alleged facts which, through discovery, could demonstrate that [the defendants] acting on personal motives, intentionally and 'improperly' interfered with [the plaintiff]'s employment contract"); *see also* 72 N.Y.Jur.2d: Interference § 9 at 209 ("Where a contract is terminable at will or upon notice, no cause of action lies for inducing a termination of the contract, unless the termination was accomplished by the defendant's fraud, fraudulent methods, misrepresentation, unfair conduct or other wrongful acts."); 72 N.Y.Jur.2d: Interference § 39 (in cases involving at-will employees, "[a]n action lies against third person who procures the discharge of an employee by unlawfully advising, counseling, telling, and influencing the employer to abrogate the employment contract").

■ Here, the plaintiff has alleged that the defendants used wrongful means to effect the termination of her employment. The plaintiff claims that the defendants made false and misleading reports about her performance to convince Mount Sinai to discharge her. The plaintiff's claim for tortious interference with contract thus falls within the exception permitting at-will employees to maintain a cause of action for tortious interference with contract.

■ The defendants also allege that the plaintiff has failed to satisfy the "third party" element of a cause of action for tortious interference with contract. Under New York law, a plaintiff who brings a tortious interference claim must allege that the defendants were not parties to the contract. *Finley,* 79 F.3d at 1295 (citing *Israel,* 1 N.Y.2d at 120, 134 N.E.2d at 99–100, 151 N.Y.S.2d at 5 (1956)). When the claim arises in the employment context and the defendants are co-employees, the plaintiff must allege that the defendants-employees "exceeded the bounds of [their] authority" in order to satisfy the "third-party" requirement. *Finley,* 79 F.3d at 1295 (citing *Kosson v. Algaze,* 203 A.D.2d 112, 113, 610 N.Y.S.2d 227, 228–29 (1st Dep't 1994) ("the tort of interference with an employment contract cannot lie against ... the individual defen-

dants, as agents of the Hospital, absent a showing that they acted outside the scope of their authority"), *aff'd,* 84 N.Y.2d 1019, 622 N.Y.S.2d 674, 646 N.E.2d 1101 (1995)); *see also Riddell Sports Inc. v. Brooks,* 872 F.Supp. 73, 78 (S.D.N.Y.1995) (Leisure, J.). A supervisor is considered to have acted outside the scope of his employment if there is evidence that the supervisor's manner of interference involved independent tortious acts such as fraud or misrepresentations, or that he acted purely from malice or self-interest. *See Murtha v. Yonkers Child Care Ass'n, Inc.,* 45 N.Y.2d 913, 915, 383 N.E.2d 865, 866, 411 N.Y.S.2d 219, 220 (1978) (" '[A] corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears he is acting in good faith as an officer ... (and did not commit) independent torts or predatory acts directed at another.' ") (quoting *Buckley v. 112 Cent. Park S., Inc.,* 285 A.D. 331, 334, 136 N.Y.S.2d 233, 236 (1st Dep't 1954); *BIB Constr. Co. Inc. v. City of Poughkeepsie,* 204 A.D.2d 947, 612 N.Y.S.2d 283, 285 (3d Dep't 1994) (agent of employer may be held liable for tortious interference if "agent does not act in good faith and commits independent acts directed at another for personal pecuniary gain"); *Bank of New York v. Berisford Int'l,* 190 A.D.2d 622, 622, 594 N.Y.S.2d 152, 152 (1st Dep't 1993) (denying motion to dismiss tortious interference with contract claim because plaintiff alleged that the defendant "was not acting in good faith and committed wholly independent torts directed at plaintiff for personal pecuniary gain"); *Bonanni v. Straight Arrow Publishers, Inc.,* 133 A.D.2d 585, 586–87, 520 N.Y.S.2d 7, 8–9 (1st Dep't 1987) (corporate official cannot be held liable for inducing corporation to terminate contract without evidence that official "used fraud, misrepresentation, deceit, or other tortious means, or that he acted purely from malice"); *Riddell Sports Inc.,* 872 F.Supp. at 78 (corporate officers may be liable for tortious interference with contract if they "induced contractual breaches using improper means or motivated by malice towards the [plaintiffs]"); *see also* 72 N.Y.Jur.2d: Interference § 42 at 238 (agent of employer may be held liable for tortious interference with

 

contract if agent "maliciously induc[es] the corporation, as employer, to breach its employment contract with an employee" or the agent's "actions are not taken with justification or in the interest of the corporation"); 2 N.Y. PJI 236–37 (Supp.1996).

 The plaintiff has satisfied the third party element of a claim for tortious interference because she has alleged that the defendants were not acting in good faith as employees of Mount Sinai when they caused her termination. The plaintiff claims that the defendants caused her termination to serve their own self-interest because they wanted to prevent her from revealing possible financial improprieties, and that the defendants used fraudulent means to effect her termination.

Because the plaintiff has adequately stated a claim for tortious interference with contract, the defendants' motion to dismiss this claim is denied.

## III.

Finally, the defendants move to strike the plaintiff's claim for punitive damages. The defendants argue that the plaintiff cannot pursue a claim for punitive damages because she has not alleged facts sufficient to establish that the defendants acted with the requisite malice.

Under New York law, punitive damages are permitted for tortious conduct in cases involving " 'gross, wanton, or willful fraud or other morally culpable conduct.' " *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 509 (2d Cir.1991) (quoting *Borkowski v. Borkowski,* 39 N.Y.2d 982, 387 N.Y.S.2d 233, 355 N.E.2d 287 (1976) (mem.)); *see H & R Indus., Inc. v. Kirshner,* 899 F.Supp. 995, 1012 (E.D.N.Y.1995). Punitive damages are permitted even if the conduct is not directed at the general public. *Action S.A.,* 951 F.2d at 509; *H & R Indus.,* 899 F.Supp. at 1012.

Here, the plaintiff alleges that the defendants willfully and maliciously committed the torts of battery, assault and battery, false imprisonment, and tortious interference with contract, motivated by their desire to prevent the plaintiff from revealing possible financial improprieties and fraud. Whether the plaintiff is entitled to punitive damages under the circumstances alleged in this complaint is a factual issue that cannot be determined on a motion to dismiss. *See Palmer v. County of Suffolk,* 96 A.D.2d 836, 836, 464 N.Y.S.2d 1019, 1019 (2d Dep't 1983) (reversing lower court's decision to strike plaintiff's punitive damage demand because there were relevant issues of fact). Accordingly, the defendants' motion to strike the plaintiff's claim for punitive damages is denied without prejudice to renewal at the conclusion of discovery.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the plaintiff's claims for battery, assault and battery, and tortious interference with contract and to strike the plaintiff's demand for punitive damages is **DENIED.** The plaintiff is directed to serve and file an amended complaint within 10 days.

**SO ORDERED.**