■ The People of the State of New York, Respondent, v Ramon Roman, Appellant. [644 NYS2d 621]

A review of defendant's testimony before the Grand Jury reveals that he was in no way prevented from fully presenting his narrative account, and thus there was compliance with CPL 190.50 (5) (b).

We have considered defendant's remaining contention and find it to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.

■ Lawrence-Picaso, Inc., Appellant, v Peter Cosme, Defendant, and Maxwell-Kates, Inc., Respondent. [644 NYS2d 622]

The complaint as against defendant Maxwell-Kates, which sounds in tortious interference with plaintiff's contractual relationships to manage certain apartment buildings, was properly dismissed where plaintiff's agreement with the relevant properties were terminable at will and plaintiff failed to adduce any proof of wrongful or improper conduct on defendant-respondent's part (see, NBT Bancorp v Fleet/ Norstar Fin. Group, 87 NY2d 614; Thur v IPCO Corp., 173 AD2d 344, 345, lv dismissed 78 NY2d 1007). While plaintiff attempts to rely on principles of tortious "impairment" of performance of an unbreached contract, such a claim also requires proof of wrongful or improper conduct on the part of defendant, wholly lacking here (cf., S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 108 AD2d 351). Concur—Milonas, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.