■ STAN WEAVER, Appellant, v ESSEX OWNERS CORPORATION et al., Respondents. (Action No. 1.) STAN WEAVER, Appellant, v NATIONAL MANAGEMENT LLC et al., Respondents. (Action No. 2.) [652 NYS2d 974] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about November 29, 1995, which denied plaintiff tenant's motion for a preliminary injunction and transferred Action No. 1 to Civil Court pursuant to

CPLR 325 (d), and order, same court (Paula Omansky, J.), entered on or about April 26, 1996, which, *inter alia*, denied plaintiff's motion to stay a Civil Court holdover proceeding commenced by defendant purchaser of the appurtenant shares, and dismissed Action No. 2 challenging defendant landlord's termination of plaintiff's lease and sale of the appurtenant shares to the codefendant, unanimously affirmed, with one bill of costs.

Having failed to seek *Yellowstone* injunctive relief during the cure period, plaintiff's motion therefor was untimely and properly denied (*Bowman & Co. v Professional Data Mgt.*, 218 AD2d 637, 637-638). Plaintiff's claims of harassment are too conclusory to warrant injunctive relief and can be adequately vindicated by an award of money damages in Civil Court. Plaintiff's breach of warranty claims can be interposed as a defense in the codefendant's holdover proceeding in Civil Court, where complete relief can be afforded plaintiff should his claims have merit (*see, Cox v J.D. Realty Assocs.*, 217 AD2d 179). Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.