■ ROBERT BLUMENREICH, Respondent-Appellant, v NORTH SHORE HEALTH SYSTEM, INC., et al., Appellants-Respondents. [731 NYS2d 638] —In an action to recover damages for breach of an employment agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated March 31, 2000, as, in effect, denied that branch of their motion pursuant to CPLR 3211 (a) (7) which was to dismiss the first through ninth causes of action asserted in the amended complaint for failure to state a cause of action, and granted that branch of the plaintiff's cross motion which was for leave to serve a second amended complaint amending the first through ninth causes of action, and the plaintiff cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was to dismiss the first through ninth causes of action asserted in the amended complaint is granted, the first through ninth causes of action asserted in the amended complaint are dismissed, and that branch of the plaintiff's cross motion which was for leave to serve a second amended complaint amending the first through ninth causes of action is denied; and it is further,

Ordered that the defendants are awarded one bill of costs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated (*see, Board of Educ. v County of Westchester,* 282 AD2d 561). The plaintiff failed to do so.

The first through fifth causes of action sounding in breach of contract and breach of the duty of good faith and fair dealing arise out of the purported wrongful termination of the plaintiff's employment in breach of an employment agreement with the defendant North Shore Health System, Inc. However, section 3 (a) of that agreement expressly provides that it may be "terminated by mutual agreement of the parties at any time." The plaintiff submitted his resignation by letter dated December 8, 1998, and his resignation was accepted by the defendants by letter dated December 9, 1998. Since the documents are clear and unambiguous on their face, the plaintiff may not resort to parol evidence to contradict, vary, or explain them (*see, Braten v Bankers Trust Co.,* 60 NY2d 155; *Furey v Guardian Life Ins. Co.,* 261 AD2d 355). In view of the plaintiff's voluntary resignation from his position, he cannot succeed upon any reasonable view of the facts alleged with respect to the first five causes of action.

The sixth cause of action fails to set forth a viable claim under Labor Law § 740. The plaintiff failed to plead a violation of any law, rule, or regulation with the requisite particularity and specificity necessary to support such a claim (*see, Pail v Precise Imports Corp.,* 256 AD2d 73, 74; *Connolly v Macklowe Real Estate Co.,* 161 AD2d 520, 522; *cf., Rodgers v Lenox Hill Hosp.,* 211 AD2d 248). In addition, the plaintiff failed to identify any retaliatory personnel action taken by the defendants because of his threatened disclosure of any alleged violations (*see, Lambert v General Elec. Co.,* 244 AD2d 841; *Hook-*

*man v Lenox Hill Hosp.,* 241 AD2d 333; *Rodgers v Lenox Hill Hosp., supra*).

The seventh cause of action to recover damages for discrimination based upon his sexual orientation under the Administrative Code of the City of New York fails to state a cause of action. It is apparent from the pleadings that no actionable conduct occurred within the boundaries of New York City (*see, Funderburke v Uniondale Union Free School Dist.,* 172 Misc 2d 963, *affd* 251 AD2d 622). Moreover, his allegations of discrimination do not rise to the level of actionable conduct (*see, Harris v Forklift Sys.,* 510 US 17; *Quinn v Green Tree Credit Corp.,* 159 F3d 759; *Carrero v New York City Hous. Auth.,* 890 F2d 569).

The plaintiff failed to plead that a third party intentionally and improperly procured the breach of the employment agreement. Therefore, his eighth cause of action for tortious interference with contract cannot be sustained (*see, Kosson v Algaze,* 203 AD2d 112, *affd* 84 NY2d 1019; *Winicki v City of Olean,* 203 AD2d 893; *Cohen v Davis,* 926 F Supp 399).

Finally, the ninth cause of action sounding in defamation must be dismissed since the allegations made therein do not meet the special pleading requirements of CPLR 3016 (a) (*see, Gill v Pathmark Stores,* 237 AD2d 563; *see also, Shapiro v Central Gen. Hosp.,* 251 AD2d 317; *Grynberg v Alexander's Inc.,* 133 AD2d 667; *Geddes v Princess Props. Intl.,* 88 AD2d 835).

Based on the foregoing, that branch of the cross motion which was for leave to serve a second amended complaint amending the first through ninth causes of action should have been denied (*see, Norman v Ferrara,* 107 AD2d 739, 740; *see also, Nissenbaum v Ferazzoli,* 171 AD2d 654; *DeGuire v DeGuire,* 125 AD2d 360). Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.