■ JAY L. LEVY, DDS, Appellant, v P&R DENTAL STRATE-GIES, INC., et al., Respondents. [756 NYS2d 3] —Order, Supreme Court, New York County (Richard Braun, J.), entered January 7, 2002, which, to the extent appealed from as limited by the brief, granted defendants' motion for summary judgment dismissing plaintiff's cause of action for tortious interference with prospective economic advantage, unanimously affirmed, with costs.

Summary judgment dismissing plaintiff's cause of action for tortious interference with prospective economic advantage was proper since there is no triable issue as to whether defendants employed wrongful means or acted solely to harm plaintiff when they sought to prevent plaintiff from obtaining employment with the Metropolitan Life Insurance Company (MetLife). Pursuant to the agreement between defendant P&R Dental Strategies, Inc. (P&R) and MetLife, P&R dental consultants such as plaintiff, employed by P&R to review claims filed with MetLife, were not to be hired away from P&R by MetLife until two years subsequent to the agreement's termination, a period that had not elapsed at the time plaintiff sought a consulting position with MetLife. Defendants committed no wrong, much less one sufficiently egregious to support a claim for tortious interference with prospective economic advantage (*see Snyder v Sony Music Entertainment*, 252 AD2d 294, 300), in refusing to waive the economic protection to which P&R was purportedly contractually entitled (*see Thur v IPCO Corp.*, 173 AD2d 344, 345, *lv dismissed* 78 NY2d 1007).

While we reject the arguments raised on the appeal, it is not frivolous within the meaning of 22 NYCRR 130-1.1 and thus affords no ground for the imposition of the sanctions, costs and fees sought by defendants. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.