Joon Song v MHM Sponsors Co. (2019 NY Slip Op 07557)





Joon Song v MHM Sponsors Co.


2019 NY Slip Op 07557


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


657460/17 10177NA 10177N

[*1] Dr. Joon Song, Plaintiff-Appellant,
v
MHM Sponsors Co., et al., Defendants-Respondents.


Desiderio, Kaufman & Metz, PC, New York (Massimo F. D'Angelo of counsel), for appellant.
Cullen & Dykman LLP, Garden City (Ryan Soebke of counsel), for MHM Sponsors Co., MHM Sponsors Inc., The Olnick Organization, Inc. and Denise Martorana, respondents.
Braverman Greenspun P.C., New York (Maria Boboris and Tracy Peterson of counsel), for Chesapeake Owners Corp., Firstservice Residential New York, Inc., Joshua Friedman, Keith Allone and Roger Ancona, respondents.



Order, Supreme Court, New York County (Margaret Chan, J.), entered July 25, 2018, which granted defendants' motions to dismiss the complaint and denied plaintiff's cross motion to amend, and order, same court and Justice, entered July 30, 2018, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.
The motion court properly granted defendants' respective motions to dismiss the complaint and denied plaintiff's motion to amend as futile (Okoli v Paul Hastings LLP, 117 AD3d 539, 540 [1st Dept 2014]). Plaintiff's failure to allege specific irreparable harm was fatal to his request for an injunction (Weaver v Essex Owners Corp., 235 AD2d 369, 370 [1st Dept 1997], lv dismissed in part, denied in part 89 NY2d 1073 [1997]). As for his substantive claims, plaintiff failed to state a cause of action for tortious interference with business relations because he did not substantiate how he was injured as a result of defendants' alleged interference (Aramid Entertainment Fund Ltd. v Wimbledon Fin. Master Fund, Ltd., 105 AD3d 682 [1st Dept 2013], lv denied 22 NY3d 858 [2013]). Likewise, plaintiff's claim for civil assault based on screaming, threats, and having a door slammed in his face failed to allege facts that would establish that physical contact was reasonably imminent (Holtz v Wildenstein & Co., 261 AD2d 336 [1st Dept 1999]). Defendants correctly assert that plaintiff abandoned his breach of the covenant of quiet enjoyment claims (see Carey & Assoc. LLC v 521 Fifth Ave. Partners, LLC, 130 AD3d 469, 470 [1st Dept 2015]), and we decline to reach the issue. Were we to reach it, we would agree with the motion court that plaintiff's failure to plead that he actually abandoned the premises extinguished any claim of constructive eviction (127 Rest. Corp. v Rose Realty Group, LLC, 19 AD3d 172, 173 [1st Dept 2005]). As for a determination that the lease was void, based on a lack of corporate filings, we agree with the motion court that this allegation, standing alone, fails to state a claim.
We have considered the remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK