■ GARY MIANO, Respondent-Appellant, v CATERPILLAR TRACTOR COMPANY, Appellant-Respondent.—Casey, J. Cross appeals from an order of the Supreme Court (Cheeseman, J.), entered March 22, 1991 in Albany County, which partially denied defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment.

Plaintiff, who suffers from ankylosing spondylitis, a form of arthritis, was placed on long-term disability by defendant in September 1981 because he could not do the lifting and bending required by his job. He was examined by his physician in October 1985, who certified that plaintiff's arthritic condition was in complete remission and that plaintiff could return to work. Plaintiff thereafter spoke with defendant's physician, who expressed concern about plaintiff's ability to do the heavy lifting and repeated bending at the waist required by the job. Defendant's physician told defendant that he needed additional information before deciding whether to arrange for an examination by another physician.

Both physicians reported that plaintiff had stated that he had been free of the pain caused by his condition for more than six months. Based upon these reports, defendant terminated plaintiff's employment because of plaintiff's failure to inform defendant that the reason for his long-term disability leave had not existed for more than six months.

Plaintiff commenced this action alleging that defendant terminated his employment because of his disability in violation of the Human Rights Law (Executive Law art 15) and in breach of the employment contract. Defendant's answer in-

cluded a counterclaim for $5,430, alleging that disability benefits in this amount were improperly paid to plaintiff during the period that he was not actually disabled. Defendant's motion for summary judgment resulted in dismissal of plaintiff's cause of action based upon the Human Rights Law. The motion was otherwise denied, as was plaintiff's cross motion for partial summary judgment, and these cross appeals ensued.

We conclude that Supreme Court erred in dismissing plaintiff's cause of action which alleges that he was wrongfully discharged because of a disability in violation of Executive Law § 296. Defendant maintains that plaintiff was fired for misconduct, which precludes recovery under the Human Rights Law (see, e.g., Dicocco v Capital Area Community Health Plan, 135 AD2d 308, 309-310). According to defendant, plaintiff's misconduct consisted of knowingly failing to inform defendant that his disability status had changed and knowingly accepting disability benefits for a period of time when he was not actually disabled. Inherent in defendant's misconduct claim is its good-faith belief that plaintiff was not, in fact, disabled during the six-month period prior to his termination. The report of defendant's physician, however, reveals that he had doubts as to whether plaintiff was capable of performing the lifting and bending required by his job, and he wanted further information before deciding whether to have plaintiff examined by another physician. If, at the time plaintiff's employment was terminated, defendant did not actually have a good-faith belief that plaintiff's disability had ended some six months earlier, the misconduct claimed as the reason for firing plaintiff would be a sham, giving rise to an inference of an improper motive. It is our view that evidence of the doubts expressed by defendant's physician shortly before plaintiff was fired as to whether plaintiff was capable of performing the duties of his job creates a question of fact concerning defendant's good-faith belief about plaintiff's condition when defendant accused him of receiving benefits after his disability had ended. Accordingly, neither party is entitled to summary judgment on plaintiff's claim which alleges a violation of the Human Rights Law.

We reach a different conclusion with regard to plaintiff's breach of contract cause of action. There is no evidence in the record that plaintiff was aware of a written policy of limitation on defendant's right to discharge and accepted or continued the employment in reliance on a termination only for cause limitation (see, Novinger v Eden Park Health Servs., 167

AD2d 590, 591, *lv denied* 77 NY2d 810; *cf., Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465-466).

Defendant's counterclaim must also be dismissed. There is no evidence in the record that the disability benefits which defendant seeks to recover from plaintiff were paid by defendant or that defendant incurred any increased expense as a result of its insurer's payment of those benefits. An action for money had and received will not lie, therefore, because plaintiff does not possess money that belongs to defendant *(see, Parsa v State of New York,* 64 NY2d 143, 148).

Weiss, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by replacing the phrase "first cause of action" in the first decretal paragraph with the phrase "second cause of action", and by replacing the phrase "is in all respects denied" in the third decretal paragraph with the phrase "is granted insofar as it seeks dismissal of defendant's counterclaim and, in all other respects is denied", and, as so modified, affirmed.