■ TRI-TONE LITHO, INC., et al., Plaintiffs, and TRI-TONE COLOR, INC., et al., Respondents, v CONSOLIDATED EDISON CO. OF NEW YORK, INC., Appellant. [645 NYS2d 810] —Order, Supreme Court, New York County (Carol Huff, J.), entered March 23, 1995, which denied defendant's motion for partial summary judgment dismissing the claims asserted by plaintiffs Tri-Tone Color, Inc. ("Tri-Tone") and The B & B Group, Inc. ("B & B") unanimously reversed, on the law, with costs, and defendant's motion granted.

Plaintiffs Tri-Tone and B & B ("respondents") claim they were affiliates of and were to share office space with the remaining plaintiffs, two of which were customers of defendant Consolidated Edison ("Con Ed"). This action arose as the result of alleged economic damages suffered by all five plaintiffs as a result of Con Ed's inability to upgrade their electrical power service until $3^1/_2$ months after the date agreed upon with the customer plaintiffs.

Respondents failed to establish under any of the theories urged that a relationship existed between them and defendant which would place them within the "orbit of duty" (*Strauss v Belle Realty Co.*, 65 NY2d 399, 402) needed for a finding of liability in the present circumstances. Thus, partial summary judgment should have been granted to defendant.

The motion court erred in finding that respondents raised triable issues of fact on the theory that they were direct, i.e., contractual, customers of defendant. The record is clear that

respondents never submitted a written application for electrical power service to defendant, as required by Transportation Corporations Law § 12. Such prerequisite to imposing a duty upon a utility to provide service has been strictly adhered to by New York courts (*see, Montalvo v Consolidated Edison Co.,* 92 AD2d 389, 402, *affd* 61 NY2d 810; *Macey v New York State Elec. & Gas Corp.,* 80 AD2d 669, 670).

Respondents' contention that they are third-party beneficiaries of defendant's agreement to provide electrical power to the building is also without merit. The Court of Appeals made it clear in *Milliken & Co. v Consolidated Edison Co.* (84 NY2d 469) and *Koch v Consolidated Edison Co.* (62 NY2d 548, *cert denied* 469 US 1210) that a third-party beneficiary of an agreement between a utility and its customer must be expressly designated therein in order to create a legal duty on the part of the utility to provide service. Here, respondents failed to set forth any language in the service agreement between the customer plaintiffs and defendant which evidenced an intention to make respondents third-party beneficiaries of the agreement.

Nor did respondents establish triable issues of fact by arguing, in attempted circumvention of *Milliken,* that the five plaintiffs were affiliated, and that this case does not involve a tort claim or unlimited plaintiffs. The record indicates that at the time in question, defendant's only accounts in the building were the pre-existing ones with the customer plaintiffs, and that the five plaintiff corporations were five separate entities, each of which charged its affiliates for services rendered. In other words, the customer plaintiffs, one of which owned the building, provided electricity to the other tenants in the building and billed them for it, but those tenants, including respondents,* had no direct relationship with the utility.

The arguments as to the nature of the claim and the limited number of plaintiffs are also without merit. The record clearly indicates that this action is predicated on the tort theory of gross negligence. Moreover, *Milliken* effectively held that irrespective of how limited the number of commercial tenants in a building, the requirement remains that a contractual relationship between a tenant and the utility must exist before the utility will be held to owe the tenant a duty (*see, Milliken & Co. v Consolidated Edison Co., supra,* at 477-478). Concur— Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.

---

* At the time in question, respondent B & B was not a tenant in the building nor had it executed a lease.