■ WILL SCHOETTLE et al., Appellants, v GIBB TAYLOR et al., Respondents. [723 NYS2d 665] —Order, Supreme Court, New York County (Barry Cozier, J.), entered July 6, 2000, which, *inter alia*, granted defendants' motion to dismiss the complaint for failure to state a cause of action, and denied plaintiffs leave to replead, unanimously affirmed, without costs.

The causes of action for breach of contract and promissory estoppel were properly dismissed for lack of specificity and definition (*see, Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482, *cert denied* 498 US 816; *Sanyo Elec. v Pinros & Gar Corp.*, 174 AD2d 452), and the cause of action for conversion does not indicate how or when defendants purportedly exercised a right of ownership over goods belonging to plaintiffs, to the exclusion of plaintiffs' rights (*see, Vigilant Ins. Co. v Housing Auth.*, 87 NY2d 36, 44).

Defendants had no special or fiduciary relationship with plaintiffs which would create a duty to disclose that the main investor was a prospective brother-in-law of the person charged with raising capital (*see, Auchincloss v Allen*, 211 AD2d 417). This, in any event, was not a material fact the concealment of which would give rise to a fraud claim.

The cause of action for tortious interference with prospective business opportunities was also properly dismissed, since plaintiffs failed to allege any specific business relationship they were prevented from entering into by reason of the purported tortious interference (*see, Korn v Princz*, 226 AD2d 278), or that defendants acted with the sole purpose of harming

plaintiffs or that defendants employed "wrongful means" (*see, Snyder v Sony Music Entertainment*, 252 AD2d 294, 300). Plaintiffs also failed to plead "disinterested malevolence" and special damages, necessary elements of a cause of action for prima facie tort (*see, Curiano v Suozzi*, 63 NY2d 113, 117).

In light of the fact that plaintiffs did not advance any basis to conclude that they had a valid cause of action, the motion court properly exercised its discretion in denying the request to replead (*see*, CPLR 3211 [e]). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.