■ BRIAN E. THAWLEY, Appellant, v BRUCE TURTELL et al., Respondents. [736 NYS2d 2] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about June 5, 2000, which granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss plaintiff's complaint, alleging that defendants tortiously interfered with plaintiff's employment relationship, unanimously affirmed, without costs.

Plaintiff, an at-will employee, worked as a security guard/fire safety director for a hotel in Manhattan. Plaintiff alleged that the three defendants, his supervisors, induced the management of the hotel to discharge him on the ground that he had refused a direct order to transport items from the hotel's lost and found storage room to its security office. Plaintiff claimed that this order violated the law and hotel policy regarding the return of lost items. As a result, plaintiff commenced this action alleging that defendants had tortiously interfered with his employment relationship with the hotel. Defendants moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

In New York State, the at-will employment doctrine is a judicially created common-law rule (*see, Wieder v Skala*, 80 NY2d 628, 633). It is well settled that "where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300; *accord, Wieder, supra; see also, Sabetay v Sterling Drug*, 69 NY2d 329, 333). In holding that there is no cause of action in tort for abusive or wrongful discharge of an at-will employee, the Court of Appeals has declined to allow a plaintiff "to evade the employment at-will rule and relationship by recasting his cause of action in the garb of a tortious interference with his employment" (*Ingle v Glamore Motor Sales*, 73 NY2d 183, 189). Where, as here, the parties are all employees of the same company, the case law is

clear that at-will agreements are classified as only "prospective contractual relations" and therefore cannot support a claim for tortious interference with existing contracts (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191-192; *Snyder v Sony Music Entertainment*, 252 AD2d 294, 299; *American Preferred Prescription v Health Mgt.*, 252 AD2d 414, 417). Since plaintiff cannot "bootstrap the threshold deficiency in a wrongful discharge claim" to his instant claim for tortious interference with an employment relationship (*see, Ingle, supra*, at 188), the Supreme Court properly granted defendants' motion to dismiss the complaint. Concur—Nardelli, J. P., Williams, Ellerin, Friedman and Marlow, JJ.