■ FRANK J. SESTI et al., Appellants, v NORTH BELLMORE UNION FREE SCHOOL DISTRICT et al., Respondents. [756 NYS2d 902] —In an action, inter alia, to recover damages for battery, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered March 4, 2002, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action. Bare legal conclusions and factual allegations which are contradicted by the record are not presumed to be true on a motion made pursuant to CPLR 3211 (a) (7). Further, where evidentiary material is offered, the Supreme Court must determine whether the plaintiff has a

cause of action, not merely whether one has been stated (see *Kantrowitz & Goldhamer v Geller,* 265 AD2d 529 [1999]; *Doria v Masucci,* 230 AD2d 764 [1996]). Contrary to the plaintiffs' contention, the Supreme Court did not treat the defendants' motion as one for summary judgment. The Supreme Court applied the proper standard and correctly concluded that the complaint did not state any cognizable cause of action. Altman, J.P., Feuerstein, H. Miller and Townes, JJ., concur.