■ THOMAS BAKER, Appellant, v THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA et al., Respondents. [785 NYS2d 437]—

Appeal from judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered May 7, 2003, dismissing the complaint, and, as limited by plaintiff's brief, bringing up for review an order (same court and Justice), entered April 17, 2003, to the extent that it dismissed plaintiff's causes of action for defamation, tortious interference with employment or business relations and tortious interference with prospective employment or business relations, unanimously dismissed, as superseded by the order entered January 22, 2004, made on reargument; order, same court and Justice, entered January 22, 2004, brought up for review pursuant to CPLR 5517 (b), which granted plaintiff's motion to reargue the order entered April 17, 2003, and, upon reargument, compelled defendants' acceptance of an amended complaint and dismissed the first three causes of action therein for defamation, tortious interference with employment or business relations and tortious interference with prospective employment or business relations, unanimously affirmed, with costs.

Since plaintiff's causes of actions are legally insufficient, we affirm the dismissal thereof. Plaintiff's cause of action for defamation is an improper attempt to circumvent the rule that an at-will employee has no cause of action for wrongful discharge (*see Ranieri v Lawlor*, 211 AD2d 601 [1995]). As an at-will employee, plaintiff can have no cause of action based on a coemployee's alleged tortious interference with his employment

(*see Thawley v Turtell*, 289 AD2d 169 [2001]). Nor does plaintiff identify any specific employment or business relationship that he was prevented from entering into as a result of defendants' interference, or adequately allege that defendants acted with the sole purpose of harming him, such as would support a claim for tortious interference with prospective employment or business relations (*see Schoettle v Taylor*, 282 AD2d 411 [2001]). Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.