■ JUAN NEGRON, Appellant, v JP MORGAN CHASE/CHASE MANHATTAN BANK et al., Respondents. [789 NYS2d 257]—

In an action to recover damages for tortious interference with employment, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 16, 2003, which granted the motion of the defendants JP Morgan Chase/Chase Manhattan Bank, Linda Padilla, and Vivette Henry to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as against them and the defendant Patricia Maffei.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the motion of the defendants JP Morgan Chase/Chase Manhattan Bank (hereinafter Chase), Linda Padilla, and Vivette Henry which was to dismiss the complaint insofar as asserted against Chase pursuant to CPLR 3211 (a) (1) and (7). An employee who does

not work under an agreement for a definite term of employment, is an at-will employee who may be discharged at any time with or without cause (*see Robertazzi v Cunningham*, 294 AD2d 418 [2002]; *Thawley v Turtell*, 289 AD2d 169 [2001]; *Michnick v Parkell Prods.*, 215 AD2d 462 [1995]) without the employer incurring any liability (*see Tramondo v Playboy Enters.*, 202 AD2d 1068 [1994]; *Blaise-Williams v Sumitomo Bank*, 189 AD2d 584 [1993]; *Porras v Montefiore Med. Ctr.*, 185 AD2d 784 [1992]; *Miano v Caterpillar Tractor Co.*, 184 AD2d 807 [1992]; *Baker v Citibank*, 178 AD2d 627 [1991]). New York does not recognize a cause of action for the tort of abusive or wrongful discharge of an at-will employee (*see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312 [2001]; *Priore v New York Yankees*, 307 AD2d 67 [2003]; *Howley v Newsday, Inc.*, 215 AD2d 729 [1995]), and this rule cannot be circumvented by casting the cause of action in terms of tortious interference with employment (*see Ingle v Glamore Motor Sales*, 73 NY2d 183 [1989]). Furthermore, the Supreme Court correctly granted that branch of the motion which was to dismiss the complaint insofar as asserted against the remaining defendants, since it consisted only of bare legal conclusions and factual allegations contradicted by the record (*see Sesti v North Bellmore Union Free School Dist.*, 304 AD2d 551 [2003]; *Palazzolo v Herrick, Feinstein, LLP,* 298 AD2d 372 [2002]).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.