FELICIA MARINO, Appellant, v MARTHE VUNK et al., Respondents. [835 NYS2d 47]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 28, 2006, which, to the extent appealed from as limited by the brief, granted defendants' motion to dismiss the second and third causes of action for failure to state a cause of action, unanimously affirmed, without costs.

The second cause of action of the amended complaint alleges that defendant Avon Products breached the terms of plaintiff's employment agreement by failing to pay plaintiff for wages she allegedly lost as a result of company policy violations by defendants Vunk and Florez. In support of this claim, plaintiff

alleged nothing more than a vague, informal company policy prohibiting district sales representatives from encroaching upon each other's districts, and soliciting and appointing representatives from another sales manager's district. In support of her claim, plaintiff submits no documentation evidencing that such a policy indeed exists. In addition, plaintiff fails to allege that Avon was bound by this alleged policy, or what Avon promised to do regarding enforcement of this policy, such as by compensating the sales manager allegedly victimized by the improper encroachment. Vague and conclusory allegations are insufficient to sustain a breach of contract cause of action (*Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]). Since plaintiff failed to allege the existence of any contract entitling her to the unspecified compensation she claims to have been denied, or the precise terms thereof, her second cause of action was properly dismissed (*see McEntee v Van Cleef & Arpels*, 166 AD2d 359, 360 [1990]).

The third cause of action alleges tortious interference by defendants Vunk and Florez with plaintiff's employment relationship with Avon by maliciously lying about plaintiff's actions, resulting in the termination of her employment. Although this cause was timely commenced, given that the gravamen of the claim is defendants' interference with an existing employment relationship and is thus governed by a three-year statute of limitations (*see Mannix Indus. v Antonucci*, 191 AD2d 482 [1993], *lv dismissed* 82 NY2d 846 [1993]), plaintiff has failed to plead a viable claim.

It is undisputed that plaintiff was an at-will employee of Avon. Her employment may thus be freely terminated at any time for any reason or even for no reason (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293 [1983]). Plaintiff cannot be allowed to evade the employment-at-will rule by recasting her cause of action in the garb of tortious interference with her employment (*Ingle v Glamore Motor Sales*, 73 NY2d 183, 189 [1989]). Moreover, where, as here, the individual defendants are coemployees of plaintiff, in order for a claim of tortious interference with an employment relationship to lie, it must be alleged that defendant coemployees acted outside the scope of their authority (*Kosson v "Algaze"*, 203 AD2d 112, 113 [1994], *affd* 84 NY2d 1019 [1995]). Here, the individual defendants acted within the scope of their employment by bringing to the attention of Avon management certain actions taken by plaintiff with regard to a restructuring process of Avon's sales force. Plaintiff's conclusory allegations that the individual defendants acted with malice, without more, are insufficient to place their actions outside of

the scope of their employment. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Sweeny, JJ.