■ LORRAINE BARCELLOS, Respondent, v JOHN ROBBINS et al., Appellants. [858 NYS2d 658]—

In an action to recover damages for tortious interference with employment, the defendants appeal from so much an order of the Supreme Court, Richmond County (McMahon, J.), dated May 4, 2007, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion to dismiss the complaint is granted.

An employee who does not work under an agreement for a definite term of employment is an at-will employee who may be discharged at any time with or without cause (*see Robertazzi v Cunningham,* 294 AD2d 418 [2002]; *Thawley v Turtell,* 289 AD2d 169 [2001]; *Michnick v Parkell Prods.,* 215 AD2d 462 [1995]). New York does not recognize a cause of action for the tort of abusive or wrongful discharge of an at-will employee (*see Lobosco v New York Tel. Co./NYNEX,* 96 NY2d 312 [2001]; *Murphy v American Home Prods. Corp.,* 58 NY2d 293 [1983]; *Priore v New York Yankees,* 307 AD2d 67 [2003]; *Howley v Newsday, Inc.,* 215 AD2d 729 [1995]). Moreover, this rule cannot be circumvented by casting the cause of action in terms of tortious interference with employment (*see Smalley v Dreyfus Corp.,* 10 NY3d 55 [2008]; *Horn v New York Times,* 100 NY2d 85 [2003]; *Ingle v Glamore Motor Sales,* 73 NY2d 183 [1989]).

Here, the plaintiff alleged no injury separate and distinct from the termination of her at-will employment. Inasmuch as the length of employment is not a material term of at-will employment, a party cannot be injured merely by the termination of her employment. Absent injury independent of termination, the plaintiff cannot recover damages for what is, in essence, an alleged wrongful discharge claim in the guise of a tort claim against her fellow employees and supervisor (*see Smalley v Dreyfus Corp.,* 10 NY3d 55 [2008]; *Ingle v Glamore Motor Sales,* 73 NY2d 183 [1989]; *Marino v Vunk,* 39 AD3d 339, 340 [2007]). The plaintiff's conclusory allegations that the defendants made "false and malicious" statements in their "libelous" campaign against her, without more, were insufficient to place their actions outside of the scope of their employment (*see Marino v Vunk,* 39 AD3d 339, 340 [2007]; *Lobel v Maimonides Med. Ctr.,* 39 AD3d 275, 276 [2007]; *Negron v JP Morgan Chase/ Chase Manhattan Bank,* 14 AD3d 673, 674 [2005]; *Kosson v "Algaze,"* 203 AD2d 112, 113 [1994], *affd* 84 NY2d 1019 [1995]).

Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur. [*See* 15 Misc 3d 1130(A), 2007 NY Slip Op 50921(U).]