*651 In an action, in effect, to recover damages for tortious interference with employment, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 9, 2008, as granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, in effect, to recover damages for tortious interference with employment against the defendants Tyiesha S. Gainey, Mary Frances G. Marino, Christine L. Fontaine, and Joy F. Campanelli, her former coworkers, along with Bruce A. Lawrence, her former supervisor, and Ann V. Lecky, a human resources administrator for her former employer. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and the Supreme Court granted that branch of the motion.
An employee who does not work under an agreement for a definite term of employment is an at-will employee who may be discharged at any time with or without cause (see Murphy v American Home Prods. Corp., 58 NY2d 293 [1983]). New York does not recognize a cause of action for the tort of abusive or wrongful discharge of an at-will employee, and this rule cannot be circumvented by casting the cause of action in terms of tortious interference with employment (see Smalley v Dreyfus Corp., 10 NY3d 55 [2008]; Horn v New York Times, 100 NY2d 85 [2003]; Ingle v Glamore Motor Sales, 73 NY2d 183 [1989]; Barcellos v Robbins, 50 AD3d 934, 935 [2008]).
Nevertheless, an at-will employee may assert a cause of action alleging tortious interference with employment where he or she can demonstrate that the defendant utilized wrongful means to effect his or her termination (see e.g. Murray v SYSCO Corp., 273 AD2d 760 [2000]). In such cases, the plaintiff is required to show: “(1) the existence of a business relationship between the plaintiff and a third party; (2) the defendants’ interference with that business relationship; (3) that the defendants acted with the sole purpose of harming plaintiff or used dishonest, unfair, improper or illegal means that amounted to a crime or an independent tort; and (4) that such acts resulted in the injury to the plaintiffs relationship with the third party” (Schorr v Guardian Life Ins. Co. of Am., 44 AD3d 319, 323 [2007]).
*652 On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept as true the facts alleged in the complaint and submissions in opposition to the motion, and accord the plaintiff the benefit of every possible favorable inference (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Leon v Martinez, 84 NY2d 83, 87 [1994]). Contrary to the plaintiffs contention, the complaint consisted only of bare legal conclusions and conclusory allegations that the defendants acted with malice, which, without more, were insufficient to place their actions outside of the scope of their own employment (see Marino v Vunk, 39 AD3d 339, 340-341 [2007]; Negron v JP Morgan Chasel/Chase Manhattan Bank, 14 AD3d 673 [2005]). Further, the defendant former coworkers were acting within the scope of their employment when they brought their concerns about the plaintiffs behavior and ability to perform her job to the attention of the managing attorney and the human resources administrator. Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.