Defendants’ motion for summary judgment should have been granted. As plaintiffs contract for employment was expressly at will, and she could be fired at any time with or without cause, her claim for breach of contract should have been dismissed (Murphy v American Home Prods. Corp., 58 NY2d 293, 304-305 [1983]). Nor was a claim of promissory estoppel available to avoid the at will doctrine (Dalton v Union Bank of Switzerland, 134 AD2d 174, 176-177 [1st Dept 1987]). This is particularly true where, as here, the express, written acknowledgment by plaintiff that she was an at will employee precluded any reasonable reliance on alleged oral assurances that her job was “secure” (see New York City Health & Hosps. Corp. v St. Barnabas Hosp., 10 AD3d 489, 491 [1st Dept 2004]). Moreover, given that the defendants were in charge of plaintiffs duties, and they were charged with deciding or recommending her termination, they were acting in the scope of their employment. As such, neither the employer nor its employees could be liable *410 for tortiously interfering with plaintiffs employment contract (Marino v Vunk, 39 AD3d 339, 340-341 [1st Dept 2007]). Similarly, because the undisputed facts show that defendant Larom made the allegedly defamatory statement only to other church employees also charged with supervision of plaintiff, it was subject to a qualified privilege (Dillon v City of New York, 261 AD2d 34, 38, 40 [1st Dept 1999]). Nor did plaintiff raise a fact issue that Larom made the statement, which was in large measure correct, and related directly to the work, purely out of malice (Present v Avon Prods., 253 AD2d 183, 189 [1st Dept 1999], lv dismissed 93 NY2d 1032 [1999]). Plaintiffs claim under Religious Corporations Law § 25 should also have been dismissed. As its terms make clear, it applies to the removal of a minister from a position as pastor of a church, not from an administrative post. Moreover, the sole “practices” plaintiff claims that defendants violated were in the employment guide that expressly states it creates no rights or entitlements for employees, and that they are subject to termination at any time with or without cause. Concur — Sweeny, J.P, Acosta, Saxe, Moskowitz and Clark, JJ.