■ 610 WEST REALTY LLC, Appellant, v RIVERVIEW WEST CONTRACTING LLC, et al., Defendants, and B&V CONTRACTING ENTERPRISES, INC., Respondent. [45 NYS3d 391]—

Order, Supreme Court, New York County (Debra A. James, J.), entered August 4, 2015, which, insofar as appealed from, granted the motion of defendant B&V Contracting Enterprises, Inc. (B&V) for summary judgment dismissing the fourth cause of action alleging negligence as against it, unanimously affirmed, with costs.

Plaintiff was the sponsor of a condominium construction project, on which defendant Riverview West Contracting LLC was the general contractor, and B&V was a subcontractor hired by Riverview to perform certain carpentry and drywall work. Following the completion and opening of the condominium complex, it was discovered that B&V had performed certain of its work negligently.

The court properly dismissed the fourth cause of action alleging negligence against B&V, and seeking the cost of remediation and repair of B&V's negligent work, because plaintiff cannot recover contract damages under a negligence theory (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280 [2001]; *Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc.*, 190 AD2d 636 [1st Dept 1993]). The fact that B&V's work had to do with fire-safing and fire-stopping the premises is not sufficient to create an independent duty to plaintiff (*see Church v Callanan Indus.*, 99 NY2d 104, 112 [2002]), and there is no allegation that B&V launched a force or instrument of harm (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.