Dworkin Constr. Corp (USA) v Consolidated Edison Co. of N.Y., Inc. (2021 NY Slip Op 01195)





Dworkin Constr. Corp (USA) v Consolidated Edison Co. of N.Y., Inc.


2021 NY Slip Op 01195


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 155796/18 Appeal No. 13218 Case No. 2020-03960 

[*1]Dworkin Construction Corp (USA), Plaintiff-Appellant,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent.


David O. Wright, P.C., Mount Kisco (David O. Wright of counsel), for appellant.
Scott A. Levinson, New York (Christine Tramontano of counsel), for respondent.



Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered July 10, 2020, dismissing the complaint, and bringing up for review an order, same court and Justice, entered October 18, 2019, as resettled by order entered February 10, 2020, which granted defendant Consolidated Edison's (Con Ed) CPLR 3211(a)(7) motion to dismiss the complaint, and denied plaintiff's CPLR 3025 cross motion to amend the complaint, unanimously affirmed, without costs.
Nonparty Lush Cosmetics, LLC (Lush) retained plaintiff as the general contractor to renovate commercial retail space at 28 East 14th Street in Manhattan. As part of its work, plaintiff applied for approval from Con Ed to install a shunt from the basement to the upper floors to increase the electrical capacity. Power to the premises was required to be shut down briefly, and temporary service provided, in order to allow the shunt to be activated. According to plaintiff, Con Ed processed its application for the requested work too slowly, resulting in a delay in completion of the project. Plaintiff claims that the delay caused it to incur additional costs to complete the project, as well as lose Lush as a client. It asserts causes of action for negligence and breach of contract, seeks to recover $82,805.80 in delay damages and $1,068,405.39 in lost profits due to its loss of Lush as a client.
The court properly dismissed the negligence claim. Plaintiff alleges that Con Ed failed to exercise reasonable care to ensure timely processing of the application for the work. However, Con Ed owed no duty to plaintiff, as plaintiff was not a Con Ed customer, as it was not the party that submitted the written application for electrical power service at the subject premises (Tri-Tone Litho v Consolidated Edison Co. of N.Y., 230 AD2d 625, 626 [1st Dept 1996]). Rather, Lush was. While plaintiff relies on a Con Ed invoice naming it as the "Customer" and billing it for the requested service, it was being billed only as Lush's agent. Indeed, Con Ed's tariff contemplates charging "the Customer or the Customer's agent" for the subject service. In any event, plaintiff's negligence claim may not stand as it is essentially seeking economic damages for breach of contract, despite the assertion of a tort claim (610 W. Realty LLC v Riverview W. Contr. LLC, 146 AD3d 422 [1st Dept 2017]; 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 83 [1st Dept 1999]; see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]).
The court properly dismissed the breach of contract claim. The amended complaint did not plead existence of an agreement for the provision of the requested services within plaintiff's project timeline (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]; Marino v Vunk, 39 AD3d 339, 340 [1st Dept 2007]). Even considering the proposed amendments, and accepting those allegations as true (Leon v Martinez, 84 NY2d 83, 87 [1994]), plaintiff still failed to state [*2]a claim, as Con Ed's tariff precludes Con Ed from entering into a contract with plaintiff. It is uncontested that, under the tariff, Con Ed is obligated to provide utility services to only customers who have submitted a written application for electric service (see Tri-Tone, 230 AD2d 625). As plaintiff was not a customer, it could not have contracted with Con Ed for service. If Con Ed could have contracted with plaintiff, the tariff would have barred any agreement to guarantee service within a timeframe. The parties do not contest that the tariff requires Con Ed to provide utility services to all customers equally, prohibiting it from entering into individually negotiated agreements.
In view of the foregoing, we need not decide plaintiff's argument that it pleaded entitlement to lost profits. Were we to reach it, we would reject it. Even considering the proposed amendments, plaintiff has not demonstrated that such damages were fairly within the contemplation of the parties at the time the contract was made, or that they were not speculative (Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021