| |
|:---:|
| **Exceptional Media Ltd. v Chainalysis, Inc.** |
| 2024 NY Slip Op 33727(U) |
| October 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650314/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. LYLE E. FRANK

*Justice*

PART 11M

-------------------------------------------------------------------------------X

EXCEPTIONAL MEDIA LTD,

Plaintiff,

- v -

CHAINALYSIS, INC.,KIM GRAUER, ERIC JARDINE, ERIN LEOSZ, HENRY UPDEGRAVE

Defendant.

-------------------------------------------------------------------------------X

INDEX NO. 650314/2024

MOTION DATE 05/24/2024, 05/24/2024

MOTION SEQ. NO. 003 004

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 28, 29, 33, 34, 37, 39, 40, 41, 42, 45

were read on this motion to/for                    MISCELLANEOUS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 30, 31, 35, 36, 38, 43, 44, 46

were read on this motion to/for                    MISCELLANEOUS                    .

Upon the foregoing documents, defendants' motions to dismiss is granted and plaintiff's cross-motions for continuance and discovery are denied.[1]

## Background

As with any new technology, the rise of cryptocurrency has led to floods of both legitimate businesses and less-than legitimate businesses. This case comes out of a dispute over the labeling of a cryptocurrency company as a "scam" and raises issues of defamation, free speech, and Anti-SLAPP[2] litigation.

Plaintiff Exceptional Media ("Exceptional") is a Hong-Kong based cryptocurrency company that runs a platform called YieldNodes. Defendant Chainalysis is a blockchain

---

[1] The Court would like Zhiyuan Ding for his assistance in researching this opinion.
[2] SLAPP refers to strategic lawsuits against public participation.

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No.  003 004**

**Page 1 of 12**

1 of 12

[* 1]

surveillance company that sells investigatory and compliance services to governments and companies around the globe. It is the primary blockchain surveillance service provider for instance, for the United States government. Included in Chainalysis' services are a proprietary software that flags cryptocurrency transactions for regulatory compliance and the publication of the Crypto Crime Report. They have been referred as the "go-to sleuthing firm for tracking crypto crimes" by *Time* magazine in 2023.

Exceptional alleges that at some point in 2022, Chainalysis' software began flagging YieldNodes as a scam (the "2022 Flagging"), leading to Exceptional's customers having their bitcoin withdrawals and deposits frozen by several cryptocurrency exchanges. Exceptional began a series of communications with Chainalysis regarding these difficulties. In February 2023, Chainalysis published "The 2023 Crypto-Crime Report: Everything You Need to Know About Cryptocurrency-based Crime" ("2023 Crime Report"), listing Defendants Kim Grauer, Eric Jardine, Erin Leosz and Henry Updegrave (collectively, the "Individual Defendants") as the primary authors. In the 2023 Crime Report, Chainalysis refers to YieldNodes as "the second largest cryptocurrency scam of 2022", and further describing YieldNodes and several other companies as specifically "investment scams." Chainalysis defines the term "investment scam" as being "one that typically promises users outsized investment returns, often based on an algorithmic, 'can't lose' trading strategy." Exceptional responded to the 2023 Crime Report by sending emails to Chainalysis and a cease-and-desist letter, the last of which was answered with a general denial.

Exceptional filed suit against Chainalysis and the Individual Defendants on January 22, 2024. They allege two claims: Defamation/Defamation Per Se for the 2022 Flagging and the 2023 Crime Report, and Tortious Interference with Business Relationships. Exceptional seeks

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No.  003 004**

**Page 2 of 12**

2 of 12

[* 2]

relief in the form of a public apology and retraction of the allegedly defamatory statements, and compensatory and punitive damages. They claim that they have suffered various forms of injury to their business and reputation, including losses of "at least $650,000,000."

Chainalysis brings the present motion to dismiss pursuant to CPLR § 3211(a)(5), (a)(7), and (g)(1). They also seek costs and attorneys' fees pursuant to New York's Anti-SLAPP Law, found in N.Y. Civil Rights Law § 70-a. The Individual Defendants have also brought a separate motion to dismiss the first amended complaint. Plaintiff opposes both motions and cross-moves for discovery under CPLR § 3211(d).

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**650314/2024 EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No. 003 004**

**Page 3 of 12**

3 of 12

CPLR § 3211(a)(5) allows for a complaint to be dismissed if, among other reasons, it is barred by the statute of limitations. For motions made pursuant to this provision, the defendant has the "initial burden of demonstrating, prima facie, that the time within to commence the cause of action has expired", at which point the burden then shifts to the plaintiff to "raise a question of fact as to whether the statute of limitations is tolled or otherwise inapplicable." *Haddad v. Muir*, 215 A.D.3d 641, 642-43 (2nd Dept. 2023).

CPLR § 3211(g)(1) states that when, in a motion to dismiss, the moving party has demonstrated that the claim subject to the motion is an "action involving public petition and participation" as defined in the Anti-SLAPP Law, the motion is to be granted "unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law."

## Discussion

Chainalysis argues that the first amended complaint should be dismissed on several grounds. First, they argue that Exceptional has failed to adequately plead required elements of defamation and defamation per se, such as the actual malice requirement, and therefore their claim fails as a matter of law. They further contend that the defamation claim for the 2022 Flagging is barred by the one-year statute of limitations and the tortious interference claim is both duplicative and insufficiently pled. Finally, Chainalysis argues that under the Anti-SLAPP Law, here plaintiff Exceptional has failed to meet their burden of establishing a substantial basis for their claims and therefore Chainalysis should be awarded the attorneys' fees and costs incurred in defending this action.

Because, for the reasons that follow, Exceptional has failed to meet their statutory burden of establishing a substantial basis for their claims under CPLR § 3211(g)(1) and the Anti-SLAPP Law, the Court does not need to reach Chainalysis' arguments for dismissal that are based in the

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No.  003 004**

**Page 4 of 12**

4 of 12

CPLR § 3211(a) provisions. This suit presents to this Court a clear example of SLAPP litigation, and it will be dismissed accordingly.

## I: Purpose of the Anti-SLAPP Law and Recent Developments

The United States has what the United States Supreme Court has described as "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270. The timeless debate continues on over what, precisely, that principal looks like in practice. But there are some specific intersections between speech and the legal system that have been the subject of recent developments and are crucial to the case at hand. Specifically, the suits that are often termed 'SLAPP actions'. These are typically sounding in defamation and are "characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future." *600 W. 115th St. Corp. v. Von Gutfeld*, 80 N.Y.2d 130, 137 n.1 (1992). Because of concern over the impact on citizens of litigation arising from public participation, in 1992 New York enacted legislation meant to broaden protection of such speech (the Anti-SLAPP Law). *Id.*

Exceptional argues that the Anti-SLAPP Law is meant to be strictly construed, and in support it cites to a case from 2019. *315 W. 103 Enters. LLC v. Robbins*, 171 A.D.3d 466 (1st Dept. 2019). But this argument misses certain recent developments. The Legislature in 2020 amended the Anti-SLAPP Law in order to "broaden the scope of the law and afford greater protections to citizens". *Mable Assets v. Rachmanov*, 192 A.D.3d 998, 1000 (2nd Dept. 2021). Key changes included a broadening of certain definitions and making the awarding of attorneys' fees and costs mandatory instead of permissive. *See Aristocrat Plastic Surgery, P.C. v. Silva*, 206

**650314/2024 EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No. 003 004**

**Page 5 of 12**

5 of 12

A.D.3d 26, 29 (1st Dept. 2022). The changes were motivated in part by what the Legislature saw as an overly narrow interpretation of the Anti-SLAPP law by courts that had failed to achieve the objective of strong protection for the exercise of free speech. *Id*. The purpose and history behind New York's Anti-SLAPP Law strongly discourages litigation brought intending to chill protected speech.

II: The Action Clearly Involves Public Petition and Participation

As mentioned above, the recent changes made to the Anti-SLAPP law have broadened the types of speech covered by the statute. NY CLS Civ. R. § 70-a(1) provides that a "defendant in an action involving public petition and participation" may maintain a claim to recover damages, "including costs and attorney's fees" from the party that commenced the action. Section 76-a(1)(a)(1) of the same law defines an "action involving public petition and participation" as a claim that is based on "any communication in a place open to the public or a public forum in connection with an issue of public interest", and subsection (1)(a)(2) further includes "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." The term "public interest" is meant to be "construed broadly and shall mean any subject other than a purely private matter." NY CLS Civ. R. § 70-a(1)(d).

Here, there can be no dispute (and, indeed, there is none) that the 2023 Crime Report involves an issue of public interest. In part because the technology and basic concept of cryptocurrency is so new, and because there have not yet been comprehensive regulatory schemes developed, there is a strong potential for cryptocurrency scams to inflict severe financial damage on the public. Reports warning the public of potential scams would be well within the public's interest. Furthermore, given Chainalysis' history of advising and aiding the United

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No.  003 004**

**Page 6 of 12**

States Government on cryptocurrency scams, the underlying claim clearly involves a matter of public interest as to the Crime Report.

While Exceptional disputes that the allegedly defamatory 2022 Flagging is not within the realm of the Anti-SLAPP Law because it was made within Chainalysis' subscription-only Reactor software and not made widely public, this argument is unavailing. The 2020 amendments to the Anti-SLAPP Law make it clear that it encompasses "other lawful conduct in furtherance of the exercise of the constitutional right of free speech." NY CLS Civ. R. § 70-a(1)(a). Such conduct would encompass comments made in a subscription publication. *See Margolies v. Rudolph*, 2022 U.S. Dist. LEXIS 103369 (E.D.N.Y. 2022) (applying the New York Anti-SLAPP Law to comments made in a private Facebook group); *see also Nelson v. Ardrey*, 2024 N.Y. App. Div. LEXIS 4292 (2nd Dept. 2024) (holding that private Facebook groups are public forums, and the Anti-SLAPP Law applies if the privately published communications concern a matter of public interest).

Any alleged statement made within the Reactor subscription service regarding the nature of YieldNodes would have been made in furtherance of the public interest that Chainalysis serves by monitoring the nature of the cryptocurrency field. *See Reeves* at *14 (pointing out that "allegations of criminal conduct" are matters of public interest). The 2022 Flagging would therefore consist of statement(s) made on a matter of public interest and in a public forum under the definitions provided by the New York Anti-SLAPP Law. Both allegedly defamatory statements are clearly within the definition of speech relating to an issue of public interest.

III: Because the Anti-SLAPP Law Applies, the Burden Shifts to Exceptional to Establish

Substantial Basis

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**          Page 7 of 12
**Motion No.  003 004**

7 of 12

Once a suit is determined to involve a matter of public interest and fall under the auspices of the Anti-SLAPP Law, a different burden-shifting framework then that on a motion to dismiss under the normal CPLR § 3211 motions springs into place. After a defendant makes a showing that the action is a SLAPP suit, as has been established here, "the burden shifts to the plaintiff to demonstrate that the claim has a 'substantial basis in law'." *Reeves v. Associated Newspapers, Ltd.*, 2024 N.Y.App.Div. LEXIS 4459, *2 (1st Dept. 2024). As the Second Department pointed out, CPLR § 3211(g) and the Anti-SLAPP Law "flipped the burden of proof on the ultimate dispositive merits", and after the initial showing that the law applies "the actual burden of proof as to the action's meritoriousness is thereupon shifted [. . .] immediately to the plaintiff, which is unique." *VIP Pet Grooming Studio, Inc. v. Sproule*, 224 A.D.3d 78, 83 (2nd Dept. 2024). If the claim is dismissed, then the defendant must recover attorneys' fees. *Id.*

Therefore, to avoid dismissal here, Exceptional bears the burden of showing that the action is meritorious and there is a substantial basis for their suit. The burden under this provision is higher than in an CPLR § 3211(a)(7) analysis, and the term "substantial basis" has been recently defined by the First Department. It is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." *Reeves* at *2. Furthermore, if a complaint fails to state a claim, it also lacks a substantial basis for Anti-SLAPP purposes. *Id.,* at *17. A court that is reviewing a pleading for substantial basis "must look beyond the face of the pleadings to determine whether the claim alleged is supported by substantial evidence." *Id.*, at *22.

IV: Exceptional Fails to Meet Their Burden on Either Claim, Thus Providing Grounds for Dismissal

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No.  003 004**

**Page 8 of 12**

[* 8]

8 of 12

Turning first to the defamation cause of action, here Exceptional has not adequately shown a substantial basis in either law or fact. The two main issues Exceptional faces here are that it has offered nothing but mere conclusory remarks as to either that the statement that YieldNodes is an "investment scam" is false or that Chainalysis made the statements with actual malice. When, as is the case here, a defamation action involves Anti-SLAPP issues of public interest, "a plaintiff must show by clear and convincing evidence that the statements were false, and made with either knowledge of their falsity, or reckless disregard of whether the statements were false." *Gillespie v. Kling*, 217 A.D.3d 566, 566 (1st Dept. 2023).

Exceptional offers little more than the barest description of its business model ("a professional masternoding service with activity across a network of decentralized blockchains") and never pleads facts that would countermand Chainalysis' description of an investment scam. Exceptional offers statements made by a Chainalysis' sales representative (in response to an inquiry by Exceptional) that subscriptions to Reactor were available for purchase as proof of a "classic shakedown", but it recites no facts that go towards actual knowledge or reckless disregard of either statement's falsity by Chainalysis. The closest Exceptional comes to pleading facts that show malice is the statement that Chainalysis did not revoke the 2022 Flagging after Exceptional "told them it was false", but nowhere does Exceptional offer any facts as to *why* the statement is false. Conclusory allegations do not suffice to establish a substantial basis. *L.Y.E. Diamonds, Ltd. V. Gemological Institute of America, Inc.*, 169 A.D.3d 589, 591 (1st Dept. 2019). Neither does stating that Chainalysis "did not contact [Exceptional] before designating them as a scam" constitute a fact that as pled would reasonably support actual malice. Whether or not Chainalysis contacted Exceptional before making either statement regarding their status as an

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No.  003 004**

**Page 9 of 12**

9 of 12

investment scam constitute a reckless disregard for the truth of the statement. Exceptional has not therefore shown a substantial basis for defamation.

Neither has Exceptional shown a substantial basis for the tortious interference claim. Their argument is that by making the two statements at issue, Chainalysis "intentionally interfered with Plaintiff's ongoing business relationships with cryptocurrency clients and exchanges." Chainalysis' motive in doing so, Exceptional appears to speculate, was to "solidify their monopoly in the government regulatory, law enforcement, and private company blockchain surveillance and compliance space." The tortious interference claim is based on the same set of facts as the defamation claim and suffers from substantial basis flaws for the same reasons set forth above – namely, that the pleadings are heavy on bare conclusory statements that often simply recite the elements of a claim, and light on facts that would lead a reasonable mind to accept as adequately supporting such conclusions.

There is a further flaw with the tortious interference claim, and that is the failure to adequately identify the business relationships that Chainalysis allegedly intentionally interfered with by making the two statements. Exceptional states that "numerous crypto currency exchanges" froze YieldNodes assets as a result of the two statements. But tortious interference requires a plaintiff to identify the specific business relationships interfered with and an adequate allegation that the defendant acted with the sole purpose of harming the plaintiff. *Baker v. Guardian Life Ins. Co. of America*, 12 A.D.3d 285, 286 (1st Dept. 2004). Here, Exceptional refers to the business relationships in general terms, and it does not allege that Chainalysis acted with the sole purpose of harming Exceptional. Indeed, given Chainalysis' well-established advisory role in the burgeoning realm of cryptocurrency oversight, it would be a difficult burden

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No.  003 004**

**Page 10 of 12**

10 of 12

to meet to show there was no public interest intent in making the statements. Exceptional has not shown a substantial basis for tortious interference.

As a final note, given the purpose behind the Anti-SLAPP Law of responding to lawsuits intended to harass and chill speech, the Court notes that there is another suit in federal court that both parties have referenced in their papers, *United States v. Sterlingov*. In that case, Chainalysis was assisting the U.S. Government in a criminal case where the defendant was represented by the same counsel as Exceptional is here, Tor Ekeland Law PLLC. Chainalysis cites to this case to highlight the district court judge's comments that certain actions by that defendant's counsel seemed "at least, arguably, [to] constitute a form of harassment." They also cite to *Sterlinov* as evidence of the harassing nature of the present suit, because the judge there pointed out that defense counsel threatened publicly to "sue the crap out of Chainalysis after defendant's trial concludes."

Here, Plaintiff Exceptional also brings up the *Sterlinov* case, both to point to what it considers to be inadequate responses during questioning about the Reactor algorithms and to claim that in *Sterlinov* Chainalysis "fought disclosure at every step and sought to hide all information about its Reactor's accuracy and function from public review." The facts brought up by Plaintiff's own counsel rather tend towards showing that this present suit is an attempt for further Reactor algorithm discovery and an attempt to chill Chainalysis' speech, in a classic SLAPP fact-pattern.

As addressed above, here Exceptional bears the burden of showing that their claims have a substantial basis in fact and law, and they have not met that burden. The Court has considered the plaintiff's other arguments regarding the Anti-SLAPP Law and found them unavailing. Accordingly, it is hereby

**650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL**
**Motion No.  003 004**

**Page 11 of 12**

11 of 12

ADJUDGED that the defendants' motions to dismiss are granted; and it is further

ADJUDGED that the plaintiff's cross-motions for discovery are denied; and it is further

ORDERED that assessment as to attorney's fees is directed; and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a note of issue and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website.

20241021093516LFRANK5FF9578EDD5B498B9AE7AB18AE659563

| 10/21/2024 | | | LYLE E. FRANK, J.S.C. | |
|---|---|---|---|---|
| **DATE** | | | | |
| CHECK ONE: | X CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
| | X GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

650314/2024   EXCEPTIONAL MEDIA LTD vs. CHAINALYSIS, INC. ET AL       Page 12 of 12
Motion No.  003 004

12 of 12